IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHRISTOPHER LEE LUTHER,**
       **Plaintiff,**

**vs.**                                                            **Case No. 3:11cv111/RV/CJK**

**DAVID MORGAN, et al.,**
       **Defendants.**

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Plaintiff commenced this civil rights action on February 28, 2011, by filing a complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). This court granted leave to proceed *in forma pauperis* and assessed a $28.00 partial filing fee, giving plaintiff twenty-eight (28) days in which to submit the fee (doc. 6). Plaintiff was advised that failure to comply would result in a recommendation of dismissal (doc. 6). Having received no response from plaintiff, with the exception of a letter that was returned as deficient, this court issued an order giving plaintiff fourteen (14) days to show cause why this case should not be dismissed (doc. 10). With the exception of one deficient pleading, plaintiff has filed no response since his initial filing.

Accordingly, it is respectfully RECOMMENDED:

1.     That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and failure to comply with orders of the court.

**2.     That the clerk be directed to close the file.**


**DONE AND ORDERED this 16th day of May, 2011.**


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**




### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).